# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLEY STEELE, | |
| Plaintiff, | **Civil Action No. 13-06754 (SRC)** |
| v. | |
| NEW JERSEY DEPARTMENT OF COMMUNITY AFFAIRS DIVISION OF HOUSING & COMMUNITY RESOURCES, | **OPINION & ORDER** |
| Defendant. | |

**CHESLER**, District Judge

　　　This matter comes before the Court on the filing of the Complaint in the above-captioned action without prepayment of fees, pursuant to 28 U.S.C. § 1915. Under the statute, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed on the merits. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> 　　(A) the allegation of poverty is untrue; or
>
> 　　(B) the action or appeal --
> 　　　　(i) is frivolous or malicious;
> 　　　　(ii) fails to state a claim on which relief may be granted; or
> 　　　　(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The standard that applies to a dismissal pursuant to § 1915(e)(2)(B)(ii) and one pursuant to Federal Rule of Civil Procedure 12(b)(6) is the same. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002). Under this standard, a complaint must set forth "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff *pro se* Kimberley Steele ("Plaintiff") has filed a two-page handwritten complaint that alleges a single "cause of action" against the State of New Jersey's Department of Community Affairs (the "Department"). This cause of action is reproduced verbatim as follows:

> The Department of Community Affairs is taking 30% of my Social Security Supplement Disability monthly income to pay the rent to the landlord. Each new year I have to pay more to the landlord from my income when the rent is increased by the landlord.

A letter from the Department addressed to Plaintiff and dated September 23, 2013 indicates that from November of this year until October 31, 2014, Plaintiff will be required to pay $229 of her $1145 monthly rent for an apartment in Clark, New Jersey. The Department pays the remainder as housing assistance. Although unclear, it appears that Plaintiff is requesting the Court to enjoin the Department from either increasing her rent on an annual basis or forcing her to pay rent at all.

Mindful that Plaintiff brings this proceeding *pro se*, the Court will liberally construe the Complaint and hold it to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But *pro se* Plaintiffs must still "allege sufficient facts in their complaints to support a

2

claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). Apart from Plaintiff's failure to allege sufficient – indeed, any – facts to support her claim, the Court is at a loss to determine what claim Plaintiff brings in this action. In such a circumstance, it is beyond cavil that a complaint fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests." See Twombly, 550 U.S. at 555 (quotation omitted). Dismissal under § 1915(e)(2)(B)(ii) is therefore warranted.

Insofar as Plaintiff intends her Complaint to allege a violation of N.J. Admin. Code §§ 5:42-1.1 to – 7.3, which sets forth the provisions of the New Jersey's Rental Assistance Program applicable to low income and disabled individuals, the Court is unaware of any legal authority that grants federal subject matter jurisdiction to hear such a dispute. Simply stating that a complaint is filed pursuant to "federal jurisdiction" – as does the Complaint in this case– does not confer on a lawsuit jurisdiction under 28 U.S.C. § 1331. Because it is obvious that § 1332 diversity jurisdiction is not available either, the Court cannot satisfy itself that subject matter jurisdiction is present in this case. Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d 1990). It follows that dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3) is appropriate as well.

Accordingly,

**IT IS** on this 18th day of November, 2013

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* be and hereby is granted, pursuant to 28 U.C.S. § 1915(a); and it is further

**ORDERED** that Plaintiff's Complaint be and hereby is **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3); and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.


                                                                                               s/ Stanley R. Chesler  
                                                                                               STANLEY R. CHESLER  
                                                                                        United States District Judge